# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

**FINEMAN KREKSTEIN & HARRIS, P.C.**
*A Pennsylvania Professional Corporation*
BY   RICHARD J. PERR, ESQUIRE
30 South 17th Street, Suite 1800
Philadelphia, PA  19103
(V) 215-893-9300 (F) 215-893-8739
e-mail: rperr@finemanlawfirm.com
**Attorneys for Defendants James and Betty Blazewicz**

| | |
|---|---|
| JOHN E. RUDDER, JR., individually, and Derivatively on behalf of Nominal Defendant, COMPREHENSIVE MARKETING, INC., | CIVIL ACTION |
| Plaintiff, | |
| v. | NO. |
| JAMES BLAZEWICZ and BETTY BLAZEWICZ, | |
| Defendants, | |
| COMPREHENSIVE MARKETING, INC., a Pennsylvania Corporation, MICHAEL AMES, JOSEPH F. ACKERMAN, III, and TERRY HANSON, | |
| Nominal Defendants. | |

## NOTICE OF REMOVAL

Defendants James and Betty Blazewicz, by and through their undersigned counsel, hereby petition this Court as follows, pursuant to 28 U.S.C. § 1441(a):

1.   James and Betty Blazewicz are defendants in an action pending in the Superior Court of New Jersey, Chancery Division, Somerset County, Docket No. SOM-C-12094-06 ("the State Court Action").  Defendants are citizens of the Commonwealth of Pennsylvania.

2. Defendants were served with a copy of the Complaint on or about November 6, 2006. A copy of the Complaint in the State Court Action is attached hereto as Exhibit "A".

3. Plaintiff in the State Court Action is John E. Rudder, Jr. Plaintiff is a citizen of the State of New Jersey. See Exhibit "A".

4. Comprehensive Marketing, Inc., Michael Ames, Joseph F. Ackerman, III, and Terry Hanson are nominal defendants as admitted by Plaintiff. See Exhibit "A" at ¶¶ 2, 8-10.

5. The citizenship of nominal parties is not considered in determining whether complete diversity exists. See Bumberger v. Insurance Co. of North America, 952 F.2d 764, 767 (3d Cir. 1991).

6. Plaintiff alleges damages in excess of $75,000.

7. The State Court Action is a matter where the amount in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a)(1).

8. Pursuant to 28 U.S.C. § 1441(a), "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district embracing the place where such action is pending."

5. Since the United States District Court for the District of New Jersey would have original jurisdiction of the cause of action alleged in the State Court Action based on diversity, 28 U.S.C. § 1332(a)(1), this Court may properly remove the State Court Action based on 28 U.S.C. § 1441(a).

6. This Notice has been filed with the Court within thirty (30) days after purported service of the Complaint on defendants.

WHEREFORE, defendants James and Betty Blazewicz pray that the State Court Action be removed from the Superior Court of New Jersey, Chancery Division, Somerset County, Docket No. SOM-C-12094-06, to this Court for proper and just determination.

FINEMAN KREKSTEIN & HARRIS, P.C.

By    <u>s/Richard J. Perr</u>
RICHARD J. PERR, ESQUIRE (PA No. 72883)
30 South 17th Street, Suite 1800
Philadelphia, PA 19103-4005
(v) 215-893-9300 (f) 215-893-8739
e-mail: rperr@finemanlawfirm.com
Attorneys for Defendants James and Betty Blazewicz

Dated: November 29, 2006

Case 3:06-cv-05741-ANET-TJB Document 1 Filed 11/29/06 Page 3 of 4 PageID: 3

# CERTIFICATE OF SERVICE

I, RICHARD J. PERR, ESQUIRE, hereby certify that on this date I served a true and correct copy of the foregoing Notice of Removal by facsimile, first class mail, postage prepaid, and electronically (if available) on the following:

>Jeffrey D. Ullman, Esquire
>Ullman, Furhman & Platt, P.C.
>89 Headquarters Plaza
>North Tower, Twelfth Floor
>Morristown, New Jersey 07960
>(973) 993-1748 (facsimile)
>ullman@ufplaw.com
>   Attorneys for Plaintiff

>s/Richard J. Perr
>RICHARD J. PERR, ESQUIRE

Dated:     November 29, 2006

Case 3:06-cv-05710-MLC-TJB Document 1-1 Filed 11/29/06 Page 4 of 4 PageID: 4